Curia, per Evans, J.
This case presents the question, whether an administrator, who has never had possession of the goods of his intestate, can maintain trover in his own name for a conversion, after the death of the intestate. The general rule is, that the owner of a chattel, entitled to immediate possession, may maintain trover against a wrong doer. The legal effect of the granting administration, is to vest in the administrator the legal estate in all the intestate’s personal property, and this has relation back to the death of the intestate. He is the legal owner, and the letters of administration is the evidence of his title. Hence, for a conversion in his own time, he must always produce and give in evidence the letters of administration. — (Browning v. Huff, 2 Bail. 174.) — It is the evidence of his title and cannot be dispensed with. The plaintiff is required in trover to set out his title in his declaration. It is sufficient to maintain the action, to allege and prove that he is the owner of the chattel sued for. If he prove bn the trial that A. B. was the owner and that he is the administrator of A. B., he establishes the title in himself, as fully as if he had proved that A. B. in his life time had conveyed the property to him by deed. The letters of *268 administration and the deed are but the evidence of his title, and he need not style himself the administrator of A. B. in the one case, any more than he should style himself the assignee of A. B. in the other. The principle is fully recognized by the case of Hollis v. Smith, 10 East. 293, and in Ballard v. Spencer, 7 T. R. 358, and in our own cases, 2 Bay. 166, Ford v. Travis, 2 Brev. 299, 1 Bail. 79, 2 Bail. 318, where it has been held, that if an administrator sue on a cause of action which arose in his own time, and fail, he shall pay costs, and the reason is because he might have sued in his own name. There is nothing in the other grounds set -out in the brief, which requires any opinion.
H. II. Thompson, for the motion.
Henry & Bobo, contra.
The motion is refused.
O’Neall, Butler and Earle, Justices, concurred.